UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DARYL WAYNE HUSKETH,                )
                                    )
            Plaintiff,              )
                                    )
                                    )
v.                                  )      No. 3:15-cv-00412
                                    )          REEVES/SHIRLEY
                                    )
SEVIER COUNTY, TENNESSEE, and       )
RONALD SEALS, Sheriff of Sevier County, )
                                    )
            Defendants.             )

## MEMORANDUM OPINION

Plaintiff Daryl Husketh brings this action arising out of his incarceration in the Sevier County Jail. Husketh alleges defendants failed to provide him with adequate security when inmates attacked him on March 6, 2013. He sustained further injury when the jail's medical staff did not timely schedule him to see a specialist to treat his ear, which he alleges was damaged in the attack. Defendants move to dismiss Husketh's complaint because the statute of limitations has expired on all of his claims. Because Husketh did not file his complaint until September 15, 2015, defendants are correct that the statute of limitations bars his claims. Accordingly, defendants' motion to dismiss will be granted and this action dismissed in its entirety.

# I. Background

In February 2013, Husketh was confined to the Sevier County Jail for a violation of probation. Thereafter, on April 22, 2013, Husketh was ordered to serve a three-year sentence. His expected "out" date was November 18, 2014.

On March 6, 2013, Husketh was attacked by inmates and suffered an injury to his left ear. He had previously had surgery on his left ear.

On March 27, 2013, Husketh was treated at the jail infirmary and told he needed to see a specialist because he continued to experience pain, leakage, and hearing loss in his ear. Husketh made numerous requests to see a doctor or specialist, but states his requests were ignored.

Husketh was seen again at the jail infirmary on August 26, 2014, and an appointment was made for him to see an ear specialist. On September 18, 2014, Husketh was taken to see the ear specialist. Husketh was diagnosed with a "busted eardrum" and surgery was recommended to repair the damage. Husketh was released from custody the next day, September 19, 2014.

Husketh contends defendants' denial of necessary security for himself and others housed in the Sevier County Jail amounted to the infliction of "cruel and unusual punishment" in violation of the Eighth Amendment. Further, forcing him to remain in custody for 18 months with a busted eardrum, without medical attention, and in severe pain, amounts to deliberate indifference to a serious medical need, and violated his

constitutional rights under the Eighth Amendment. Husketh also alleges that he endured extreme infliction of emotional distress as a result of defendants' actions.

Defendants move to dismiss Husketh's complaint averring that all his claims are barred by the applicable statute of limitations.

## II.  Standard for Motion to Dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)).  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Instead, a complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference" that defendant is responsible for alleged wrongful conduct. *Keys v. Humana,* 684 F.3d 605, 610 (6th Cir. 2012).  After the Supreme Court's decisions in *Iqbal* and *Twombly,* the Sixth Circuit has recognized that "courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir. 2011).

## III.  Statute of Limitations

The statute of limitations in Tennessee for a civil rights/personal tort action for damages is one year after the cause of action accrues.  Tenn. Code Ann. § 28-3-104.  The statute begins to run when the plaintiff knows or has reason to know of the injury upon

which his action is based. Husketh filed his complaint on September 15, 2015, so any claim would need to have accrued after September 15, 2014, in order for it to satisfy the statute of limitations.

In his response, Husketh concedes that his claim for assault on March 6, 2013 is time barred, but argues his claim for ongoing indifference to his medical needs is not, relying on the "continuing violation doctrine." Husketh contends that the limitations period begins to run on the last day of delay in receiving medical treatment. *See Green v. Rubenstein*, 644 F.Supp.2d 723, 747 (S.D.W.Va. 2009). Because he did not see the ear specialist until September 18, 2014, he contends his claim for deliberate indifference is timely.

In the Sixth Circuit, application of the one-year statutory limitations period in § 1983 cases for deliberate indifference to medical needs is not subject to a continuing violation doctrine, because instances of denied medical care are "discrete unlawful acts." *Bruce v. Corr. Med. Servs. Inc.,* 389 Fed. Appx. 462, 466-67 (6th Cir. 2010). Each instance in which defendants allegedly ignored Husketh's request for medical attention was a discrete offense with its own new statute of limitations period. The Sixth Circuit in *Frasure v. Shelby Cnty Sheriff's Dep't,* held that the statute of limitations for an inmate's claim for denial of medical care commenced when the jail denied his request for treatment, not when a specialist eventually disclosed the harm caused by that denial. *Frasure*, 4 Fed. Appx. 249 (6th Cir. 2001); *see also Cuco v. Fed. Med. Center-Lexington*, 2006 WL 1635668 (E.D.Ky. June 9, 2006) (continuing violations doctrine did not apply to inadequate medical

4

care claims). The record[1] shows the jail medical staff ordered a consult with an ear specialist on August 26, 2014. Husketh has not alleged or presented any evidence demonstrating defendants committed any discreet unlawful acts on or after August 26, 2014. Thus, the statute of limitations on his claim for denial of medical treatment commenced on August 26, 2014, and expired on August 26, 2015. Husketh's complaint filed on September 15, 2015, comes too late. Accordingly, all Husketh's claims are time-barred.

## IV. Request for Discovery

Husketh asks the court to stay its ruling on the motion to dismiss until the parties have had an opportunity to complete discovery. In deciding whether to grant additional time to conduct discovery, a court may consider whether the desired information could change the outcome of the pending motion, how long the nonmovant had to obtain information on the issue, and whether the nonmovant was diligent in efforts to gather that information. *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995). Courts do not permit a "fishing expedition" in which the nonmovant simply hopes to uncover some evidence that may help his case. *Duff v. Oak Ridge*, 2011 WL 4373929 (E.D.Tenn. Sept. 19, 2011). Husketh's opposition brief was filed almost six months ago and he has not filed

---

[1] The court may consider medical records from the jail infirmary without transforming defendants' motion to dismiss into a motion for summary judgment. *See Bassett v. NCAA,* 528 F.3d 426, 429 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein"). *See also, Armini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

or tendered any supplement into the record. In addition, Husketh has failed to indicate what information he could gain through discovery to refute the statute of limitations argument. Accordingly, his request for discovery is denied.

## V.  Leave to Amend Complaint

Husketh alternately asserts the court should grant him an opportunity to amend his complaint if the court finds the complaint deficient. Pursuant to Federal Rule of Civil Procedure 15, a court may grant leave to amend "when justice so requires." Fed.R.Civ.P. 15(a). Courts must read Rule 15 in conjunction with Federal Rule of Civil Procedure 7(b), which requires that a party make such a request in a motion that states with "particularity the grounds for seeking the order." Fed.R.Civ.P. 7(b). The federal courts do not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party could have filed a proper motion to amend and attached a proposed amended complaint for consideration by the court. *See Evans v. Pearson Enterprises, Inc.,* 434 F.3d 839, 853 (6th Cir. 2006); *PR Diamonds, Inc. v. Chandler,* 364 F.3d 671, 699 (6th Cir. 2004); *Begala v. PNC Bank,* 214 F.3d 776, 783-84 (6th Cir. 2000); *Daugherty v. Graves,* 2012 WL 523664 at *3 (E.D.Tenn. 2012); *Techdisposal.com Inc. v. CEVA Freight Mgmt.*, 2009 WL 4283090 at *4-*5 (S.D.Ohio 2009). As the Sixth Circuit has explained:

> Had plaintiffs filed a motion to amend the complaint prior to the court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the court would have considered the motions to dismiss in light of the proposed amendments to the complaint. Absent such a motion, however, defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). Plaintiffs were not entitled to an advisory opinion from the court informing them of the

6

deficiencies of the complaint and then an opportunity to cure those deficiencies.

*PR Diamonds, Inc.,* 364 F.3d at 699.

Here, Husketh has failed to follow the proper procedure for submitting a motion to amend his complaint. He has also not submitted a proposed amended complaint for review and consideration by the court as required by the Local Rules of the District. *See* Local Rule 15.1. Accordingly, because Husketh has not complied with the directive of Rule 7(b) or with the Local Rules, the court will not accept his alternative argument contained in a response to a motion to dismiss as a proper motion to amend.

## VI. Conclusion

Because Husketh's claims are time-barred, the court finds defendants are entitled to dismissal of all claims. Accordingly, defendants' motion [R. 16] is **GRANTED**, and this action is **DISMISSED in its entirety, with prejudice.**

**UNITED STATES DISTRICT JUDGE**